IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CR-00028-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TIMOTHY GAINEY, | ) | |
| Defendant. | ) | |

Timothy Gainey has filed a Motion of Waiver Transcript Fee [DE-34] seeking a free copy of the following: his Rule 11 hearing transcript, his sentencing transcript, his plea agreement, and his Indictment.

On October 3, 2012, Gainey was sentenced before this court after having pled guilty to Counts One, Two, and Three of the Indictment. [DE-27.] He was sentenced to 71 months' imprisonment for each of the three counts with the sentences ordered to run concurrently. *See* Judgment [DE-29].

Title 28, United States Code, Section 753(f) addresses the circumstances under which transcripts may be provided to an indigent defendant at the government's expense. The statute provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). An indigent defendant may be entitled to transcripts at the government's

expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-203 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202. Because there is no constitutional requirement that an indigent defendant be supplied free transcripts in order to collaterally attack a conviction or sentence, the defendant must show a particularized need for the documents. *See, e.g., United States v. MacCollom*, 426 U.S. 317, 323-30 (1976).

In this case, Gainey has requested a copy of his plea agreement. A review of the record reveals that there was no written plea agreement in his case, and as such, this request must be DENIED. Gainey has also requested a copy of his Indictment, and this request shall be ALLOWED. The Clerk of Court is DIRECTED to mail Gainey a copy of his Indictment. With respect to his request for transcripts from his Rule 11 hearing and his sentencing hearing, Gainey states that he needs these documents so that he can file a motion pursuant to 28 U.S.C. § 2255. The undersigned concludes that Gainey has failed to state a particularized need for the transcripts. For this reason, his request for the transcripts from his Rule 11 hearing and his sentencing hearing hereby is DENIED.

For the reasons set forth, Gainey's Motion of Waiver Transcript Fee [DE-34] is ALLOWED in part and DENIED in part.

SO ORDERED.

This, the 28 day of March, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

2