IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CR-00028-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TIMOTHY GAINEY, | ) | |
| Defendant. | ) | |

Before the court is Defendant Timothy Gainey's Motion to Waive Transcript Fee [DE-36] and Application to Proceed Without Prepayment of Fees [DE-37]. Gainey is seeking a copy of his case-related transcripts at no cost to him.

Title 28, United States Code, Section 753(f) addresses the circumstances under which transcripts may be provided to an indigent defendant at the government's expense. The statute provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). An indigent defendant may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-03 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202. Because there is no constitutional requirement that an indigent defendant

be supplied free transcripts in order to collaterally attack a conviction or sentence, the defendant must show a particularized need for the documents. *See, e.g., United States v. MacCollom*, 426 U.S. 317, 323-30 (1976).

Here, Gainey generally asserts that he needs a copy of his case-related transcripts so that he can use the documents to file a memorandum in support of his § 2255. Based on this explanation, the court is unable to find that Gainey has sufficiently stated a particularized need for his transcripts. Accordingly, Gainey's Motion to Waive Transcript Fee [DE-36] and Application to Proceed Without Prepayment of Fees [DE-37] are DENIED.

SO ORDERED.

This, the 6th day of August, 2013.

JAMES C. FOX
Senior United States District Judge